1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES OLIVER,

11            Plaintiff,                          No. CIV S-08-2524 GGH P

12        vs.

13   R.K. WONG, Warden, et al.,

14            Defendants.                         <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $68.73 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1    preceding month's income credited to plaintiff's prison trust account.  These payments will be

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4              The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10             A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17             A complaint must contain more than a "formulaic recitation of the elements of a

18   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19   speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

20   "The pleading must contain something more...than...a statement of facts that merely creates a

21   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23   standard, the court must accept as true the allegations of the complaint in question, Hospital

24   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26   McKeithen, 395 U.S. 411, 421 (1969).

1    Plaintiff seeks money damages and injunctive relief after he lost his prison job due

2   to being placed in administration segregation, pending a disciplinary investigation.  Petition at 3.

3   Plaintiff was released from administrative segregation after there was insufficient evidence to

4   keep him and was told that he would be reassigned to the same prison job at the same pay rate

5   when an opening became available.  Id.  Plaintiff argues that other prisoners, some with

6   disciplinary infractions, have been reinstated to similar positions and this represent disparate

7   treatment.  Id.

8    To the extent plaintiff seeks to assert a denial of due process in being removed

9   from his job, it is well established that inmates have no constitutional right to work.  Baumann v.

10  Arizona Dept. of Corrections, 754 F.2d 841, 845 (9th Cir. 1985).   Since plaintiff does not have a

11  constitutional right to a prison job, much less to a particular job, he is not entitled to due process

12  procedural protections prior to being deprived of his work, nor is he constitutionally entitled to

13  any back wages for either a failure to obtain a particular job or the loss of that job; similarly, he is

14  not entitled to placement or reinstatement into any position.  Plaintiff's claim is dismissed, but

15  plaintiff will be granted leave to amend, within thirty days.

16    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

17  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

18  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

19  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

20  there is some affirmative link or connection between a defendant's actions and the claimed

21  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

22  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

23  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

24  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

26  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

1 amended complaint be complete in itself without reference to any prior pleading.  This is

2 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

3 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

4 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

5 original complaint, each claim and the involvement of each defendant must be sufficiently

6 alleged.

7                 Accordingly, IT IS HEREBY ORDERED that:

8                 1.  Plaintiff's request to proceed in forma pauperis is granted;

9                 2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

10 Plaintiff is assessed an initial partial filing fee of $68.73.  All fees shall be collected and paid in

11 accordance with this court's order to the Director of the California Department of Corrections

12 and Rehabilitation filed concurrently herewith.

13                 3.  The complaint is dismissed for the reasons discussed above, with leave to file

14 an amended complaint within thirty days from the date of service of this order.  Failure to file an

15 amended complaint will result in a recommendation that the action be dismissed.

16 DATED: January 12, 2009

17         /s/ Gregory G. Hollows

18         GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

19

20 GGH:AB
oliv2524.b1

4