IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES OLIVER,

        Petitioner,         No. CIV S-08-2524 GGH P

   vs.

R.K. WONG, Warden, et al.,

        Respondents.         ORDER

_____/

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on January 13, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

        As previously stated, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff seeks money damages alleging that he has been subjected to retaliation for filing an inmate appeal. Plaintiff alleges that defendant Scott stated that if plaintiff dropped an inmate appeal plaintiff would receive a promotion to a better prison job. Plaintiff contends that he refused to drop the inmate appeal and was not given the promotion, while other newly arrived inmates have received the promotion. Plaintiff also appears to allege that defendants Moore, Cooley, Huff and Lane were supervisors who conspired with defendant Scott.

The complaint states a colorable claim for relief against defendant Scott pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

\\\\\

As to the conspiracy claims against defendants Moore, Cooley, Huff and Lane, vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>see</u> <u>also</u> <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992). Plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights. <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989), citing <u>Fonda v. Gray</u>, 707 F.2d 435 (9th Cir. 1983). Conspiracy allegations must be supported by material facts and not be merely conclusory statements. <u>Lockary v. Kayfetz</u>, 587 F. Supp. 631 (N. D. Cal. 1984). Plaintiff will be provided leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this claim be dismissed from this action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's conspiracy claims against defendants Moore, Cooley, Huff and Lane are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

   2. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: March 2, 2009

            /s/ Gregory G. Hollows

            _____
            GREGORY G. HOLLOWS
            UNITED STATES MAGISTRATE JUDGE

ggh: ab
oliv2525.amd